## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2020, 10:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Nicole M. Davis
Cedar Lake, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicole M. Davis, | January 30, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 18A-JP-2003 |
| v. | Appeal from the Lake Superior Court |
| Daniel J. Somers, | The Honorable Jeffrey L. Miller, Judge Pro Tempore |
| *Appellee-Respondent* | The Honorable Aimee M. Talian, Magistrate |
| | Trial Court Cause No. 45D06-1403-JP-258 |

**Baker, Judge.**

[1] Nicole Davis (Mother) appeals the juvenile court's order denying her petition to modify and/or suspend the parenting time of Daniel Somers (Father). Mother argues, essentially, that there is insufficient evidence supporting the juvenile court's order and requests that we grant her sole custody of their child, W.S. (Child).

[2] The decision to modify custody rests in the sound discretion of the trial court. *E.g.*, *Collyear-Bell v. Bell*, 105 N.E.3d 176, 183 (Ind. Ct. App. 2018). Therefore, in reviewing the order, we afford wide latitude and deference to the trial court. *Id.* We will set aside the trial court's findings or judgment only if clearly erroneous, and may neither reweigh the evidence nor reassess witness credibility. *Id.* at 184. Additionally, we must view the evidence most favorably to the judgment. *Id.*

[3] Here, the juvenile court found as follows:

> The Court finds it to be in the best interest of the minor child that [Father] be awarded sole physical and legal custody of [Child]. Given that Mother and Father have an incredibly toxic relationship that only gets worse as the months and years go by, Court finds joint legal custody will not work for the parties. Mother has consistently changed her position regarding various issues with the child during this pending litigation. This has been confusing for both [Child] and the Court. [Child] is often disciplined by Mother for statements she makes to service providers thus interfering with [Child's] progress in mental health treatment. Mother's inconsistent and often suffocating behavior has caused her relationship to deteriorate to the point where [Child] doesn't want to be around Mother. It is the intention of

the Court that intensive therapy will assist in repairing the mother/daughter relationship.

***

During a suicidal episode of the child, the child requested to be taken to the hospital. Mother required the child to pay the medical bills because she wanted to be taken to the hospital. Court orders Mother reimburse [Child] the money she took from her to pay [Child's] medical bills in the amount of $1,500.00. . . .

Appealed Order p. 1-2. There is evidence in the record supporting these findings:

- The Guardian ad Litem explained that "[t]here is no consistency in the requests made by [Mother]. They're always evolving and changing into something else." Tr. Vol. II p. 105.

- The Guardian ad Litem recommended that Child be placed in Father's care. That recommendation was based on several factors: Child reported being sexually active and using drugs while in Mother's care; Child reported feeling very depressed and thinking about hurting herself; and Mother has been inconsistent with Child and the legal proceedings, which is difficult for Child given her fragile emotional state. Additionally, the Guardian ad Litem opined that Father is in the best position to meet Child's emotional needs and provide her with stability.

- On one occasion, Mother forced the teenaged Child "to write a hundred times that her mother was a wonderful person and she was lucky to have her," *id.* at 124, resulting in Child obtaining a large knife and cutting herself. Child had to be hospitalized as a result of the incident.

This evidence supports the juvenile court's findings. And the findings, together with the juvenile court's assessment of Mother's parenting skills and the

relationship between Mother and Child, readily support the order denying Mother's request to modify the parties' parenting time arrangement.

[4] Mother's arguments to the contrary essentially consist of requests to second-guess the juvenile court's assessment of witness credibility and to reweigh the evidence, which we may not do. Therefore, we decline to reverse the juvenile court's order.

[5] The judgment of the juvenile court is affirmed.

Riley, J., and Brown, J., concur.